IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Jerry Gandy,**

    **Plaintiff,**

    v.

**United States of America,**

    **Defendant.**

Case No. 2:25-cv-00428
Judge Edmund A. Sargus
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* on April 22, 2025, along with his complaint and summons forms (Docs. 1, 1-1, 2). For the following reasons, the Undersigned **RECOMMENDS** Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) be **DENIED**.

The Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, set forth the legal standard applicable to a motion to proceed *in forma pauperis*. 335 U.S. 331 (1948). An affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the court's filing fee without depriving himself the "necessities of life." *Id*. at 339 (internal quotation marks omitted). "Courts generally examine an applicant's employment, income, expenses, and any property or assets the applicant possesses when considering applications to proceed *in forma pauperis*." *Motley v. Dream Living LLC*, No. 2:23-CV-3478, 2024 WL 2962791, at *1 (S.D. Ohio June 12, 2024). Although the plaintiff need not be totally destitute to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship"). Consequently, unless it is clear that the one-time payment of the court's filing fee will render the plaintiff unable to provide for himself, the court cannot grant him

*in forma pauperis* status. *See Adkins*, 335 U.S. at 339. "Proceeding IFP 'is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court.'" *Carroll v. Onemain Fin. Inc.*, No. 14-CV-14514, 2015 WL 404105, at *2 (E.D. Mich. Jan. 29, 2015) (citation omitted).

In his affidavit, Plaintiff says that he is employed. His take home wages are, on average, $292 on a biweekly basis. (Doc. 1). This comes to about $584 per month in take home wages. Plaintiff also says in the past twelve months, he has received $1,710 per month in social security retirement. (*Id.*). Plaintiff presently has $457 in cash or in a bank account. (*Id.* at 2). And he owns two cars and a residential property. (*Id.*). In terms of monthly expenses, Plaintiff pays $105 in property taxes, $242 on utilities, $830 on a car loan (which totals $51,570), $425 on insurance, and $500 on groceries and household goods. (*Id.*). He says he provides "almost all" support for his two grandchildren and "some support" for his adult daughter, though he does not indicate how much he contributes to their support as instructed. (*Id*).

Based on these representations, it is not clear that paying the one-time filing fee would cause Plaintiff to be deprived the necessities of life. *See Adkins*, 335 U.S. at 339. Specifically, his monthly expenses do not appear to exceed his monthly income. After subtracting his monthly expenses ($2,102) from the income he receives per month from his employment ($584) and social security retirement ($1,710), Plaintiff still has almost $200 left over every month. And currently, he has over $450 in either cash or in bank accounts. *Cf. Bush v. Ohio Dep't of Rehab. & Corr.*, No. 2:05-CV-0667, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007) (noting that "*[i]n forma pauperis* status is usually reserved either for indigent prisoners or for persons . . . who would truly be required to forego food, shelter, clothing, or some other necessity were they to devote any of their scant resources to paying a judicial filing fee"). This "appears to be a case where Plaintiff

must 'weigh the financial constraints posed by pursuing [his] complaint against the merits of [his] claims.'" *Henderson v. Pappas Trucking LLC AG Container*, No. 2:21-CV-2088, 2021 WL 2003986 (S.D. Ohio May 4, 2021) (citation omitted), *report and recommendation adopted*, No. 2:21-CV-2088, 2021 WL 2002408 (S.D. Ohio May 19, 2021).

Accordingly, it is **RECOMMENDED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) be **DENIED**. If this recommendation is adopted, it is further **RECOMMENDED** that Plaintiff be required to pay the filing fee within **thirty (30) days** of adoption. Additionally, should this recommendation be adopted and Plaintiff be required to pay the filing fee, Plaintiff would be responsible for serving Defendant in this action.


Date: April 24, 2025                      /s/ Kimberly A. Jolson
                                          KIMBERLY A. JOLSON
                                          UNITED STATES MAGISTRATE JUDGE


**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report

and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).